**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TODD FIKE, on behalf of himself and others similarly situated,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>The Bureaus, Inc.,<br>　　Defendant. | )<br>)  1:09-cv-02558<br>)<br>)  Judge Dow<br>)<br>)  Magistrate Judge Keys<br>)<br>)<br>)  **Jury Demanded** |

**Plaintiff's Motion to Lift "Confidential" Designation and to Compel**

Plaintiff respectfully requests that this Court order the purported "confidential" designation given to three telephone numbers TBI uses to call debtors, and the mp3 file of the prerecorded messages it left for over 7,000 debtors be lifted. In support of this motion, plaintiff states:

　　1.　　This is a Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA") class action. The TCPA theory of liability is that defendant called Illinois debtors on their cell phones using an autodialer and a prerecorded message in violation of 47 U.S.C. §227(b). Plaintiff's theory of liability in the FDCPA case is that defendant manipulated the Caller ID that debtors see when it calls by calling debtors from various "secret" telephones.

　　2.　　Judge Dow issued a protective order on August 17, 2009 [docket item 27], attached as Exhibit A, that permits only "non-public" materials to be designated as "confidential." See ¶ 2. Although the protective order was entered by Judge Dow, discovery supervision has been referred to Judge Keys. [Docket item 36.]

　　3.　　The Bureaus, Inc. ("TBI") has designated two decidedly public and otherwise non-confidential items as confidential. Plaintiff moves to remove those designations.

1

4.   **Caller ID**: Plaintiff issued the following interrogatory to defendant in plaintiff's first discovery requests to determine what caller ID defendant used during the class period:

> **List all telephone numbers and "caller id" numbers you used to call debtors between April 28, 2009 through the present, where an automatic telephone dialing system and/or an artificial or prerecorded voice was used, along with the dates of when the lines were in service, and for when such technology was being used.**

5.   Defendant responded through counsel in an email dated September 4, 2009 that TBI uses various telephones to call debtors.  Plaintiff cannot be specific in this motion, because TBI designated all of the telephone numbers it uses to call debtors as somehow "confidential", even though the numbers show up on each debtor's caller ID each time TBI calls.

6.   Plaintiff protested by email, challenging the "confidential" designation.  TBI withdrew the designation for some telephone numbers, but not for others.

7.   Although plaintiff's counsel requested in an email on September 24, 3009, "What basis does Bureaus have for this information being confidential?"  Defense counsel has not provided any substantive response except to withdraw the confidentiality of other telephone numbers.

8.   **Mp3 of the Prerecorded Message:** As explained above, plaintiff alleges that TBI violated the TCPA by leaving prerecorded voice messages for debtors.  Of course, plaintiff asked for that message in discovery.  Defendant produced the message, and designated it "confidential."  Plaintiff challenged the designation in an immediate email on October 23, 2009.  Defendant has not responded.

9.   According to TBI's response to plaintiff's earlier-filed motion to compel, it left the prerecorded message it claims is confidential on the voice mails of over seven thousand consumers. And although TBI has refused to tell plaintiff how many messages it left, total, it is a good bet that the total number of messages to those seven thousand persons is well over ten thousand.  In any event, the message has been ***intentionally recorded  by the defendant*** on more than seven thousand third parties' voice mail systems and machines.  It is in the public domain and is not confidential.

10. **Legal Authority:** The general rule is that litigation is open to the public. Protective orders and confidential designations are the exception. See Fed.R.Civ.P. 26(c). *Abott Laboratories v. Baxter, Int'l, Inc.*, 297 F.3d 544, 548 (7th Cir. 2002); *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999); *Union Oil Company of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000).

11. The burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004); In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987); 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure ("Wright, Miller & Marcus") § 2035 (2d ed. 2008).

12. Defendant has not even attempted to demonstrate a need or justification for confidentiality. Nor can it. These are all materials that it has intentionally placed in the public domain thousands of times. The protective order permits "confidential' designation of "non-public" information, only. Because TBI disclosed these materials to the public, they cannot be confidential.

WHEREFORE, Plaintiff respectfully requests that this Court order the purported "confidential" designation given to three telephone numbers TBI uses to call debtors, and the mp3 file of the prerecorded messages it left for over 7,000 debtors be lifted.

Respectfully submitted,

/s/Alexander H. Burke


BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TODD FIKE, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE BUREAUS, INC. | ) ) |
| Defendant. | ) ) ) |

NO: 09 C 2558

JUDGE DOW

MAGISTRATE JUDGE KEYS

## PROTECTIVE ORDER

Pursuant to Federal Rule 26 and Local Rule 26.2, the Court hereby grants TBI's Motion for Entry of Protective Order as follows:

1.   (a)   This Order governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "material"), produced, given or filed during discovery and other proceedings in this action.

(b)   The provisions of this Order shall apply to (i) the parties in this action; (ii) the attorneys for the parties, and all persons employed by the law firms representing the parties; (iii) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Order. As used herein, "person" includes the named parties to the above-captioned case and others who have agreed to be bound by this Order.

2.   Any person may designate as "Confidential" any material which it produces in the course of this litigation (including appeals) when such person (in the case of a corporate party, through a managing agent of the corporate party, which can include its outside counsel) in good faith

Case 1:09-cv-02558  Document 21  Filed 08/11/2009  Page 6 of 9

believes such material contains non-public information relating to the customers or clients or trade secrets of any party, personal information regarding current and former employees, patient medical records or other protected health information, or sensitive commercial, financial, or proprietary business information, including the information contained in, or derived from, the contents of such confidential material (hereinafter "Confidential Material").

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this litigation (including appeals) and for no other purpose and may not be not disclosed, given, shown, made available or communicated, directly or indirectly, to any person other than a parties' attorneys and the Court. This is an attorneys' eyes only protective order.

(b) Confidential Material may not be photocopied, reproduced or duplicated in any manner, whether in hard copy or electronic format.

(c) At the conclusion of the proceeding (including appeals), all documents produced and designated "CONFIDENTIAL" and documents containing "confidential" information shall be returned to the producing party.

4. Each attorney given access to Confidential Material pursuant to paragraph 3 shall be advised that the Confidential Material is being disclosed in accordance with the terms of this Order.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to the production. Confidential Material so designated shall be used solely for the purpose of this case and shall not be disclosed to

6386279v1 887622 51096

any person other than a party's attorney.

(b) In the case of interrogatory answers or responses to requests for admissions, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains such Confidential Material.

(c) In the case of deposition transcripts, such designation shall be made on the record whenever possible, but a designation can be made by any party (no later than 30 business days after receipt of the deposition transcript) by providing notice in writing to the other parties that all or any portion of the deposition transcript be designated as "CONFIDENTIAL" under the terms of the Order. Prior to expiration of this 30-day period, all transcripts and the information contained therein, in whatever form, will be deemed to be "CONFIDENTIAL" under the terms of this Order. The original transcript of any deposition containing testimony designated as CONFIDENTIAL and all copies thereof, shall include the words: "CONTAINS CONFIDENTIAL MATERIAL PURSUANT TO PROTECTIVE ORDER" on the cover of each volume, and shall contain the term "CONFIDENTIAL" on each page of the transcript that contains testimony designated to constitute Confidential Material.

(d) Prior to filing any "CONFIDENTIAL" material under seal with the Court, a party must seek leave to do so by filing an appropriate motion.

6. Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any person's use of its own Confidential Material.

7. No party concedes that any material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary, confidential, or sensitive information, or has been properly designated as Confidential Material.

3

6386279v1 887622 51096

8. The parties may agree in writing or on the record to necessary modifications of this Order.

9. A party shall not be obligated to challenge the propriety of the designation of material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall provide written notice of such challenge to the designating person, and the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, after 10-days advance written notice to the other party, apply for appropriate ruling(s) with the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise.

10. Nothing herein shall be construed to affect in any manner the admissibility at the trial of this matter of any document, testimony, or other evidence. Nor shall anything in this Order be deemed a waiver of any objection or privilege which a party may claim to the production of any documents.

IT IS SO ORDERED.

DATED: August 11, 2009

Judge Dow

**APPROVED AND AGREED AS TO FORM:**

TODD FIKE                                                THE BUREAUS, INC.


By: /s/Alexander H. Burke                    By:  s/ Peter E. Pederson
Alexander H. Burke, Esq.                      David M. Schultz
BURKE LAW OFFICES, LLC              Peter E. Pederson
155 N. Michigan Avenue                     Hinshaw & Culbertson LLP
Suite 9020                                             222 North LaSalle Street, Ste. 300
Chicago, Illinois 60601                         Chicago, IL  60601-1081
(312) 729-5288                                      (312) 704-3000
(312) 729-5289 (fax)                             (312) 704-3001
ABurke@BurkeLawLLC.com

6386279v1 887622 51096