**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TODD FIKE, on behalf of himself and others similarly situated, | ) ) | |
| Plaintiffs, | ) | 1:09-cv-02558 |
| | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Keys |
| The Bureaus, Inc., | ) | |
| Defendant. | ) | |
| | ) | **Jury Demanded** |

# Plaintiff's Motion To Strike Improper
# <u>Affidavit and Argument</u>

Plaintiff respectfully requests that the Court strike the November 20, 2009, affidavit of Marian Sangalang and related arguments that were submitted in support of The Bureaus, Inc.'s ("TBI") Fed.R.Civ.P. 72(a) objection because (A) factual allegations and arguments not submitted to the magistrate judge are not admissible in a Rule 72(a) objection, (B) the affidavit contains impermissible hearsay and (C) the affidavit and argument leave out material facts.

In support of this motion, plaintiff states:

1.     This is a Telephone Consumer Protection Act, TCPA 47 U.S.C. §227(b) case arising out of the defendant debt collection agency calling debtors' cellular telephones using a predictive dialer and prerecorded voice messages.[1]   There is no dispute that The Bureaus, Inc. ("TBI") called over 7,000 people with a prohibited predictive dialer and left automated messages for them.   TBI has asserted a "prior express consent' defense under the TCPA.

---

[1] There are also Fair Debt Collection Practices Act claims that are not relevant to this objection/appeal.

Plaintiff issued discovery asking for an explanation of the basis for the defense, and for documents concerning the defense.  TBI stonewalled, arguing that plaintiff is not entitled the requested information.  Plaintiff filed a motion to compel regarding these and other issues.

2.      On November 13, 2009, after full written briefing and oral argument lasting approximately one hour, Judge Keys granted plaintiff's motion to compel "in its entirety."  TBI filed a Fed.R.Civ.P. 72 objection to a portion of the order, requesting that this Court overrule Judge Key's determination that TBI was required to produce documents and information concerning its "prior express consent" affirmative defense.

3.      In support of its objection, TBI attached two affidavits from Marian Sangalang, one dated October 23, 2009 ("Sangalang I") that had been submitted to the magistrate in opposition to plaintiff's motion to compel, the other, dated November 20, 2009 ("Sangalang II"), that was submitted for the first time in the objection.  Exhibit A.  This affidavit should be stricken because it was not submitted to the magistrate judge, because it contains inadmissible hearsay statements about what documents say without attaching the documents themselves and because it appears to leave out material facts, such as the fact that some or all of the "agreements" to which it refers are not written agreements.

## A.      The Court should not Consider the Sangalang II Affidavit and Related Argument Because they were Not Submitted to the Magistrate.

4.      Matters not raised before the magistrate judge are not reviewable by a District Judge on a Fed.R.Civ.P. 72(a) objection. *Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Company*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Marshall v. Chater*, 75 F.3d 1421, 1427 (10th Cir. 1996); *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633,

638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

     5.     A reading of the entire text of Fed.R.Civ.P. 72 makes clear that a reviewing Court for a nondispositive order should not consider evidence that was not presented to the Magistrate Judge.   Compare the last sentence of section (a) pertaining to nondispositive matters, with the last sentence of section (b)(3) dealing with dispositive matters:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. **The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.**

> (b) Dispositive Motions and Prisoner Petitions.
> > (1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

> > (2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

> (3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. **The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.**

Fed.R.Civ.P. 72 (emphasis added)

6.    A reading of the entire rule makes clear that the District Judge may "receive further evidence" for dispositive issues, but that the phrase or anything similar is conspicuously absent from section 72(a) concerning nondispositive issues, such as the discovery ruling at issue here.  The Sangalang II affidavit should therefore be stricken because it was not submitted to the magistrate judge.

7.    Such a rule makes sense: judicial economy says that for nondispositive issues, parties should be limited to arguments and evidence that were raised in the first place.  This stops a party from "shoring up" faulty or deficient arguments and evidence that should have been raised fully earlier.  As the First Circuit put it with regard to a Rule 72(b) objection on a dispositive issue:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.

*Paterson-Leitch,* 840 F.2d at 991.

8.    Nor were the corresponding arguments concerning a supposed inability to obtain documents from defendant's creditors raised before Judge Keys.  When asked if TBI was able to obtain the documents, counsel *did not know*:

> THE COURT:  Do you believe that if you went back to your creditors and asked them for information that they would refuse to give it to you?
>
> MR. PEDERSON: We have no idea.

4

> THE COURT: If you do that, if you do that and they refuse to give it to you, that's another issue.
>
> MR. PEDERSON: We have no idea whether they will give us the information. And the --
>
> THE COURT: I think they would.
>
> MR. PEDERSON: Well, it's unknown. It's a possibility.

Transcript of Nov. 13, 2009 Oral Argument on Motion to Compel at 22-23.  Given that the defendant's contract with the original creditor for Fike's alleged debt is not written, Exhibit B, and that TBI is, in fact able to obtain the documents from the original creditor, see Section C, *infra*, it seems very likely that defendant still "has no idea," whether the creditors would provide the materials, but makes this argument, anyway because it does not want to ask.

9.      In any event, the Court should not consider Sangalang II because it was not submitted, considered or contemplated in arguments made to the Magistrate Judge.

## B.      The Majority of the Sangalang II Affidavit Should be Stricken Because it Contains Hearsay.

10.      If the Court finds that consideration of Sangalang II is proper, it should disregard paragraphs 3 and 4, because they purport to explain what TBI's "agreements" with its creditors say.

11.      "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).  The statement may be a writing.  Fed.R.Evid. 801(a).

12.     The statements in Sangalang II regarding the content of TBI's agreements with its creditors are out of court statements offered for the truth of the matter asserted, and are therefore hearsay.  These statements are not subject to any hearsay exception.

13.     It is not surprising that TBI did not attach the contracts; they are part of what TBI argues in its objection that plaintiff is not entitled to see.  However, TBI's stonewalling of the materials does not cure or excuse the inadmissible hearsay statements.  Sangalang II should be disregarded.

## C.     The Sangalang II Affidavit Should be Disregarded Because it Omits Material Facts.

14.     The statements in Sangalang II are inherently self-serving and unreliable. Indeed, despite the statements in paragraph 4 that TBI "does not have the right under its agreements with third party creditors" to obtain documents concerning debtors' "prior express consent" to receive autodialed or prerecorded message calls to their cell phones, TBI did not have any problem obtaining documentation concerning plaintiff from the original creditor.

15.     Further, TBI's counsel revealed several weeks after the affidavit was submitted to this Court, that the "agreement" that Sangalang II refers to, as to plaintiff, is not a written agreement.  Exhibit B.  Of course, the affidavit does not mention this material facts.  And, of course, plaintiff cannot test the affidavit's bald allegations because TBI has stonewalled production of the contracts that it refers to, but-for the oral "agreement," with plaintiff's creditor, which was revealed three weeks after Sangalang II was submitted.  Exhibit B.

16.     These circumstances suggest the distinct possibility that *none* of the statements in Sangalang II are supported by fact, and provide another substantial reason for the Court to order TBI to produce the contracts it has with creditors.

WHEREFORE plaintiff requests that the Court strike the affidavit of Marian Sangalang that was submitted in support of The Bureaus, Inc.'s ("TBI") Fed.R.Civ.P. 72(a) objection because it (1) contains factual allegations and argument not submitted to the magistrate judge, (2) contains impermissible hearsay and (3) leaves out material facts, and order any other relief the Court deems proper.

Respectfully submitted,

/s/ Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD FIKE, on behalf of himself and<br>others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 09 C 2558 |
| v. | ) | |
| | ) | JUDGE DOW |
| THE BUREAUS, INC. | ) | |
| | ) | MAGISTRATE JUDGE KEYS |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF MARIAN SANGALANG

Marian Sangalang has personal knowledge of and would testify to the following facts if she were called as a witness in this matter:

1.     I am a citizen of the State of Illinois and over 21 years of age. I am employed by The Bureaus, Inc. ("TBI") as Director of Systems and Collection Technology. I am the employee of TBI most knowledgeable about TBI's telephone dialing system and database.

2.     TBI is in the business of collecting debts that are owed to third party creditors who hire TBI.

3.     TBI cannot order the third party creditors it collects debts for to surrender materials in their possession regarding the debts or the debtors.

4.     TBI does not have the right under its agreements with third party creditors to compel them to produce materials bearing on the debtors or the debts TBI seeks to collect. The materials in the third party creditors' possession relating to the debts are the property of the creditors, not the property of TBI.

I certify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct, to the best of my knowledge and belief.

_____
Marian Sangalang

_____
Date

2

# Exhibit B

**Alex Burke**

| | |
|---|---|
| **From:** | ppederson@hinshawlaw.com |
| **Sent:** | Tuesday, December 08, 2009 7:08 PM |
| **To:** | ABurke@BurkeLawLLC.com |
| **Cc:** | dschultz@hinshawlaw.com |
| **Subject:** | Fike - request for TBI's contract with the creditor |

Alex,

The Bureaus, Inc. ("TBI") does not have a written contract withTodd Fike's creditor, Sanders Lio & Chernick DDS ("Sanders Lio"). TBI conducted two searches for a contract but did not locate one. TBI's relationship with Sanders Lio goes back over 20 years. Sanders Lio first placed a debt with TBI in 1985.

Tomorrow I will send you a letter enclosing additional materials that Magistrate Keys ordered TBI to produce at the hearing on November 13.


Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601
Direct: 312-704-3604
Fax:  312-704-3001
ppederson@hinshawlaw.com



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.