**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TODD FIKE, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No.: 09 C 2558** |
| v. | ) ) | **Judge Dow** |
| **THE BUREAUS, INC.,** | ) ) | **Magistrate Keys** |
| **Defendant.** | ) ) | |

**This Is A Notice Of A Class Action Settlement. This Is <u>Not</u> A Lawsuit Against You.**
To receive a benefit under the settlement, you must complete and postmark the attached claim form by **October 22, 2010.**

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person who had a cell phone that The Bureaus, Inc. ("TBI") called using its telephone dialing system or a pre-recorded message ("auto-dialed call") between April 28, 2005 and June 30, 2009.

### 2. What is this lawsuit about?

On behalf of himself and a class of similarly situated people, the plaintiff, Todd Fike, alleges that TBI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making auto-dialed calls to debtors' cell phones, without their consent. The TCPA prohibits the placement of auto-dialed and pre-recorded message calls to numbers assigned to cell phones without the called party's prior express consent.

### 3. Why is this a class action?

In a class action, a Class Representatives (in this case, Todd Fike), sues on behalf of a group (or a "Class") of people who have similar claims.

### 4. How do I know if I am a part of the settlement?

The class consists of:

> (a) all persons and entities in the United States; (b) who, according to TBI's records, received a call from TBI; (c) which call was made to a number assigned to a cell phone, according to a cell phone scrub performed pursuant to ¶ 10 of the settlement

agreement; (d) where TBI made the call using its telephone dialing system or a prerecorded message; and (e) where TBI made the call during the period April 28, 2005 to June 30, 2009.

According to a database search that was performed to identify the numbers that defendant called during the class time period that are currently assigned to a cell phone, you are a class member. Defendant has identified approximately 61,471 class members, including yourself.

## BENEFITS OF THE SETTLEMENT

### 5. What can I get from the settlement?

TBI has established a Class Settlement Fund of $800,000.00. The Class Recovery is the amount that will be distributed among Class members. The Class Recovery is calculated by deducting from the Class Settlement Fund the attorneys' fees and costs that the Court awards to Class Counsel, the plaintiff's individual recovery, and the costs of administering the settlement (estimated to be between $68,676.04 and $88,286.69).

If you complete and postmark a claim form by **October 22, 2010** addressed to **First Class, Inc. at the address given below,** you will be entitled to a *pro rata* share of the Class Recovery. To receive a payment, you must certify under penalty of perjury that you received an auto-dialed call from TBI on your cell phone and that you did not provide prior express consent to receive the call.

Class Counsel expects that between 10-20% of the class members will return a claim form and that each claimant will likely receive between $29.25 and $97.00. If all of the estimated 61,471 class members return a claim form, which is unlikely, each claimant will receive about $8.33. No class member is eligible to receive more than one check.

### 6. When will I receive these benefits?

You will receive these benefits approximately 60 days after the Court enters a Final Approval Order.

### 7. I want to be a part of the settlement and receive these benefits. What do I do?

By **October 22, 2010**, you need to complete, postmark and mail to **First Class, Inc.** the claim form at the end of this notice.

### 8. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you will give TBI a "release." A release means you give up your right to assert any claims against TBI for any violations of the TCPA that happened on or before June 30, 2009.

### 9. How much will the Class Representative receive?

Subject to Court approval, plaintiff will receive a payment of $10,000 from the Class Settlement Fund for his statutory damages and for serving as the Class Representative.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement but you want to keep your legal claims against the Defendant, then you must take steps to get out. This is called excluding yourself.

### 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Todd Fike v. The Bureaus, Inc.,* Case No. 09 C 2558 (N.D. Ill.). You must include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than October 22, 2010,** and send it to the following address:

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to:

| | |
|---|---|
| Alexander H. Burke, Esq. | Peter E. Pederson |
| BURKE LAW OFFICES, LLC | HINSHAW & CULBERTSON LLP |
| 155 N. Michigan Avenue, Suite 9020 | 222 N. LaSalle Street, Suite 300 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |

### 11. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement, but you will have the right to sue the Defendant over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has named the Alexander Burke of Burke Law Offices, LLC as Class Counsel. You will not be charged for this lawyer. He will receive a payment from the Class Settlement Fund. The amount will be approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must enter an appearance in this case **by October 22, 2010**.

### 13. How will the lawyers be paid?

Class Counsel will ask the Court to determine reasonable attorneys' fees of no more than 25% of the Class Settlement Fund, plus his actual out of pocket expenses, which are anticipated to be less than $2,000.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 14. Is this a fair settlement?

Class Counsel believes that the settlement is fair. On behalf of the Class, Plaintiff alleges that defendant violated the TCPA. A court can award damages of $500 per violation of the TCPA, and up to $1,500 per violation if proven to be willful. TBI has asserted numerous defenses to the claims of the Class members. In addition, if TBI opposed plaintiff's motion to certify the Class, the Court might deny the motion, in which case the Class members would recover nothing. This settlement provides the Class members with a Class Settlement Fund of $800,000. The Class Settlement Fund represents approximately 88% of the total insurance money available to satisfy any judgment or settlement in this case.

### 15. What is the Defendant's view of this settlement?

TBI denies that it violated the TCPA and denies that it has done anything wrong. TBI is entering into the settlement to avoid the cost, uncertainty and inconvenience of further litigation.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. Your objection must include the name and number of the case – *Todd Fike v. The Bureaus, Inc.,* Case No. 09 C 2558 (N.D. Ill.) – and your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 17). You must mail your objection so that it is postmarked no later than **October 22, 2010** to**:**

Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to **both**:

| | |
|---|---|
| Alexander H. Burke | Peter E. Pederson |
| BURKE LAW OFFICES, LLC | HINSHAW & CULBERTSON LLP |
| 155 N. Michigan Avenue, Suite 9020 | 222 N. LaSalle Street, Suite 300 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 17. Where and when is the fairness hearing?

The Court will hold a fairness hearing on **December 1, 2010 at 9:30 a.m.** in the courtroom of Judge Dow, Courtroom 1919 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION

You can call BURKE LAW OFFICES, LLC, the firm representing the class, at (312) 725-2699 if you have any questions. Before doing so, please read this full notice carefully. You can also obtain information through their website at http://www.BurkeLawLLC.com/

6589692v1 899402 56903

# CLAIM FORM

**First Class, Inc. J10XXXXX**
**5410 W Roosevelt Rd Suite 222**
**Chicago, IL 60644-1479**

\*«BARCODE39»\*

«NAME»   J10XXX
«ADDRESS»
«ADDRESS2»
«CITY», «STATE» «ZIP»

**RE:**   *Todd Fike v. The Bureaus, Inc.,* Case No. 09 C 2558  (N.D. Ill.).

**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE OCTOBER 22, 2010 AND MAILED TO THE FOLLOWING ADDRESS:**

**First Class, Inc. J10XXXX**
**5410 W Roosevelt Rd Suite 222**
**Chicago, IL 60644-1479**

I certify under penalty of perjury under the laws of the United States of America that I received an auto-dialed call from TBI on my cell phone and I did not consent to receive the call.

**SIGNATURE:** _____

**DATE:** _____

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

| Email Address | |
|---|---|
| Phone Number | |

**IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:**

| Name | |
|---|---|

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

| Address | |
|---|---|
| City/St/Zip | |