## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TODD FIKE, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiffs, ) | Case No.: 09 C 2558 |
| ) | |
| v. ) | Judge Dow |
| ) | |
| THE BUREAUS, INC., ) | Magistrate Keys |
| ) | |
| Defendant. ) | |

### FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, TODD FIKE ("plaintiff"), individually, and as representative of the class of persons defined below ("Class"); BURKE LAW OFFICES, LLC ("Class Counsel"); and Defendant, THE BUREAUS, INC. ("TBI" or "Defendant"), the Court orders and finds as follows:

1. On June 11, 2010, the Court preliminarily approved the Agreement and certified the Class consisting of:

> (a) all persons and entities in the United States; (b) who, according to TBI's records, received a call from TBI; (c) which call was made to a number assigned to a cell phone, according to a cell phone scrub performed pursuant to ¶ 10 of the settlement agreement; (d) where TBI made the call using its telephone dialing system or a prerecorded message; and (e) where TBI made the call during the period April 28, 2005 to June 30, 2009.

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 58,403 Class members by Defendant. A total of 12,226 envelopes were returned by the United States Postal Service, 349 of which were retuned with forwarding addresses and re-mailed. 14 Class members requested exclusion, and no objections were filed or received. A total of 3,472 Class members

timely returned the proof of claim form and are therefore entitled to a share of the monetary benefits of the settlement.

3. As stated in open court, the 59 late claim forms received as of November 30, 2010 will be included in the Class. Of the 64 irregular claim forms received, the submissions for Tom C. Frye and Lothar R. Kuehl, Jr. will not be considered as claim forms, and no recovery will be sent to those class members. Class member Jennifer Schoot, who submitted two claim forms deemed to be irregular, will receive one recovery. Thus, a total of 61 people who submitted irregular claim forms will receive a share of the Class Recovery, along with the 59 Class members who submitted late claim forms received by November 30, 2010 and the 3,472 Class members who submitted timely claim forms. Thus, a total of 3,592 Class members will receive a pro rata share of the Class Recovery.

4. The following individuals submitted requests for exclusion and are excluded from the settlement: Nellie Folks of Littleton, CO; Terry Kennemer of Springfield, MO; Beverly Speers of Miami, OK; Jessica M. Wright of Pea Ridge, AR; Yulizma Mendoza of Elgin, IL; Dimitar Petrounov of Skokie, IL; Deborah P. Marklin of Madison, TN; Kimberly D. Kennemer of Springfield, MO; Tamara Vance of Chicago, IL; Frank Jackson of Clayton, OK; Genny Rose Malapit of Chicago, IL; Ronaldo Malapit of Chicago, IL; Lilly Andrade of Elgin, IL; Michelle Ryan of Orange, CA.

5. On December 1, 2010, the Court held a final fairness hearing to which class members, including any with objections, were invited. Class counsel Alexander H. Burke and class representative Todd Fike appeared for the class and defense counsel Peter E. Pederson appeared. No class members appeared.

6. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

7. The Court finds the Agreement is fair, reasonable and adequate to the Class, and grants final approval to the Agreement.

8. The Court grants final approval to the following allocation of the Class Settlement Fund of $800,000.00:

   a. On defendant's behalf, defendant's insurer paid $11,600.78 for the cell phone scrub described in ¶ 4 of the Preliminary Approval Order.

   b. On defendant's behalf, defendant's insurer paid $49,274.08 to have the notice of the settlement sent to Class members.

   c. The settlement administrator, First Class, Inc., will be paid the reasonable cost of distributing the Class Recovery *pro rata* among the 3,592 Class members who are deemed to have submitted valid and timely claim forms. The cost of distributing the payments to such Class members is estimated to be $11,932.38. If the actual cost of mailing the checks is different from this estimate, it will not affect the validity or finality of this Final Approval Order.

   d. Upon the Agreement's Effective Date, as defined in the Class Settlement Agreement, Defendant will cause the following payments to be made from the Class Settlement Fund:

      i. Plaintiff will receive $7,500.00 for statutory damages and in recognition of his services as Class Representative; and

      ii. Class Counsel will receive $200,000.00 for reasonable attorneys' fees and out-of-pocket costs.

   e. The Class Recovery is defined as the Class Settlement Fund less the amounts described in ¶¶ 8(a)-(d). The Class Recovery is estimated to be $519,692.76 based on the estimate of the cost of mailing checks to the 3,592 Class members. Upon the Effective Date, the settlement administrator will distribute the Class Recovery *pro rata* among the 3,592 Class members who submitted claims forms that are deemed to be timely and valid. Such Class members will receive a settlement check for a *pro rata* share of the Class Recovery. The settlement checks will become void 60 days after the date of issuance. It is estimated that each Class member who submitted a claim form that is deemed to be timely and valid will receive approximately $144.68.

   f. After the last void date on the settlement checks, any undistributed funds or uncashed checks will be distributed to the American Red Cross as a *cy pres* award.

9. Plaintiff and the Class grant, and the Court gives final approval to, the following releases:

a. Plaintiff, Todd Kevin Fike, for himself and his agents, representatives, attorneys, heirs, assigns, any person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges The Bureaus, Inc., as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, and entities for which it performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, that Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit. Releasors release the entities for which TBI performs collection services, including Sanders, Lio & Chernick DDS LTD, of and from all TCPA claims that were or that could have been asserted based on any phone call TBI made to plaintiff;

b. Each member of the Class who did not request exclusion from the settlement releases and discharges the Released Parties of all claims the Class member has or allegedly has under the TCPA against Released Parties for calls made by TBI on or before June 30, 2009. Each member of the Class who did not opt out also releases the person for whom TBI was attempting to collect a debt when TBI called the Class member of and from any claim the Class member has under the TCPA based on calls TBI made on or before June 30, 2009.

10. The individual claims of the Plaintiff, and the TCPA claims of the Class members, are dismissed with prejudice and without costs. The class claims in Count IV of the Second Amended Complaint are dismissed without prejudice.

11. The terms of the Agreement are incorporated into this order.

12. This order operates as a final and appealable judgment under 28 U.S.C. § 1291. The Court retains jurisdiction to enforce the terms of this order.

ENTERED: _____
JUDGE ROBERT M. DOW, JR.

DATE: _December 3, 2010_